JANE RODGERS AND WILLIAM RODGERS, PLAINTIFFS-RESPONDENTS, v. HARELICK & HARELICK, INC., DEFENDANT, AND CALL PRINTING AND PUBLISHING COMPANY, DEFENDANT-APPELLANT.

Argued February 6, 1940—Decided April 25, 1940.

For the defendant-appellant, *Filbert L. Rosenstein.*

For the plaintiffs-respondents, *Marcus & Levy* and *Louis Santorf.*

PER CURIAM.

Plaintiffs-respondents brought suit for damages against Harelick & Harelick, Inc., a corporation, and "Paterson Morning Call, a corporation of the State of New Jersey," for a cause of action alleged to have arisen on October 23d, 1935.

Service of the summons and complaint was made on one Hendershot, at appellant's place of business in Paterson, on December 13th, 1935. Answer was filed in the name of Paterson Morning Call. On June 21st, 1938, plaintiffs gave notice of their motion to amend the proceedings by naming as defendant "The Call Printing and Publishing Company, a corporation of the State of New Jersey," and an order was allowed on December 13th, 1938, permitting the amendment. Thereupon, The Call Printing and Publishing Company filed its answer to the complaint, averring that it appeared specially and reserving the right to move to dismiss for failure of service and because it was not made a party within two years after the alleged, cause of action arose. Trial was had on April 10th, 11th and 12th, 1939, and verdicts had in favor of plaintiffs against The Call Printing and Publishing Company, and in favor of the other corporate defendant, Harelick & Harelick, Inc.

Appellant attacks only the action of Judge Wolber, sitting as Supreme Court commissioner, in permitting the amendment as above stated.

The state of case is meagre and does not contain any of the record of the trial. It does show that appellant answered the complaint and appeared at the trial and proceeded to trial of the cause. It also contains an opinion of Judge Wolber on the motion to amend, in which he states that it appeared that service of the summons and complaint was made upon a proper officer of appellant. Nowhere is there any indication that at the trial appellant appeared specially or that it raised any question as to the jurisdiction of the court over appellant, or raised any question as to the court's duty to proceed with the trial and determine the rights of the parties before the court. In this situation it must be assumed that the appellant appeared and entered into the trial on the merits, and it cannot limit its appearance as a special one. The appearance is general. *Laure* v. *Singer,* 100 *N. J. L.* 98; *Venghis* v. *Commonwealth Casualty Co.,* 101 *Id.* 151; *In re Hudson County,* 106 *Id.* 62, 77.

Even if it be assumed (which we do not state to be warranted), that error was made in the order for amendment,

and that appellant was not properly in court, the fact that the court had jurisdiction of the subject-matter, and that the appellant appeared and went to trial on the merits of the case, constituted a waiver of any jurisdictional defect in bringing it in.

We do not deem it necessary to pass upon the motion to dismiss or other questions raised on this appeal.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.